Bump Pump Company, Appellant, vs. Waukesha Foundry Company and another, Respondents.

*October 7—November 4, 1941.*

644

646

648

650

For the appellant there were briefs by *Jacobson & Malone* of Waukesha and *Hale & Skemp* of La Crosse, and oral argument by *D. B. Malone* and *Quincy H. Hale.*

For the respondents there was a brief by *Harvey J. Frame* of Waukesha and *Paul R. Newcomb* of Milwaukee, attorneys, and *Miller, Mack & Fairchild* of Milwaukee of counsel, and oral argument by *Mr. Newcomb* and *Mr. Frame.*

FOWLER, J.   The plaintiff by its complaint claims damages from the defendants, both compensatory and exemplary, and

asks the court to enjoin the defendants from manufacturing pumps in competition with the plaintiff, and for an accounting of profits made in their competing pump business. The contended basis of the action is that the defendant Smith, a director of the plaintiff corporation, contrary to his duties and obligations as such director, conspired with the Foundry Company to and did develop and patent a competing pump and secretly erected a plant for its manufacture and in 1938 commenced the manufacture and sale of its pump in competition with the pump of plaintiff. The Foundry Company filed a counterclaim wherein it demanded judgment for damages done to it by the plaintiff. The basis of this claim is that an oral contract existed between the two companies whereby the Foundry Company was to have the exclusive agency for the sale of the plaintiff's pump in the dairy and food industries, and lulled the defendant into developing a large sale of plaintiff's pumps in such industries on the understanding that the contract would be continued indefinitely, and after procuring the names of the Foundry Company's customers in said industries wrongfully terminated the contract. The court dismissed both the complaint and the counterclaim on the merits. The Foundry Company does not by appeal or by motion for review contest the dismissal of the counterclaim.

The court upon trial made findings of fact and conclusions of law which are stated preceding this opinion. It is believed that the above brief statement of the issues, the findings made by the court, determination whether they are supported by the evidence, and consideration of the law applicable thereto, will suffice to explain and justify the dismissal of the complaint.

The findings of fact referred to above are in large part in themselves evidentiary and in all respects are clearly supported by the evidence. As to the law applicable, the plaintiff in its brief relies for the most part on quotations from standard texts. These quotations and the conduct of the plaintiff both

seem to us to show that the plaintiff "is hoist with its own petard."

Plaintiff quotes from 19 C. J. S. p. 160, § 785 : "A director or managing officer may in good faith engage in a business competing with that of the corporation." Under this statement the plaintiff is manifestly out of court. It seeks to get back into court by continuing the quotation as follows : "But he cannot lawfully enter into a competing business which is of such nature as to injure the corporation; nor can he divert to himself a business which should properly belong to the corporation." The statements last quoted do not help the plaintiff. Neither Director Smith nor the Foundry Company is *entering into* a competing business. The Foundry Company is only continuing a business in which it had been engaged for eight years, in which the plaintiff was not in competition with the Foundry Company, but in which the plaintiff entered into competition with the Foundry Company. True, the plaintiff was manufacturing pumps, and selling pumps outside but not inside the dairy and food business, but the Foundry Company is not selling pumps outside those industries and is only itself manufacturing pumps for use inside said industries because the plaintiff refuses to manufacture them for it. And neither Smith nor the Foundry Company diverted any business to itself that properly belonged to the corporation; on the other hand the plaintiff endeavored to convert to itself a business that properly belonged to the defendant.

The plaintiff's brief continues the quotation from 19 C. J. S. p. 160, § 785 :

"When acting in good faith, a director or officer is not precluded from engaging in distinct enterprises of the same general class of business as the corporation is engaged in."

This rule would justify the Foundry Company in manufacturing pumps even though it should sell them to the general

trade. As if obviating this rule so far stated, plaintiff continues the quotation from C. J. S. as follows: "But he may not wrongfully use the corporation's resources therein." The defendant is not using the corporation's resources. The quotation continues: "Nor may he enter into an opposition business of such a nature as to cripple or injure the corporation." As above stated, neither Smith nor the Foundry Company is entering into an opposition business. The Foundry Company as above stated is only continuing a business it has been conducting for eight years. The plaintiff is in fact entering into a business in opposition to the Foundry Company.

Plaintiff's brief also quotes from 13 Am. Jur. p. 953, § 999, as follows:

"Generally, it is held that the directors or officers of a corporation are not, by reason of the fiduciary relationship they bear toward the corporation and stockholders thereof, precluded from entering into and engaging in a business enterprise independent from, though similar to, that conducted by the corporation itself, provided in doing so they act in good faith and do not interfere with the business enjoyed by the corporation.

"The directors or officers of a going, solvent corporation cannot, however, engage in a competing business to the detriment of the corporation which they represent."

The quotation next above, down to the proviso respecting good faith, justifies the conduct of Smith and the Foundry Company complained of. And the proviso is out of the picture because of the good faith of Smith and the Foundry Company. And the last sentence of the quotation is also out because the Foundry Company did not engage in the business the plaintiff was conducting in the manufacture and sale of pumps to the general public, but merely manufactured for sale in its own business because the plaintiff refused to continue to manufacture such pumps for it.

Plaintiff's brief also quotes at length from 3 Fletcher, Cyc. Corp. pp. 168, 170, § 856, with the same result of justifying the conduct of Smith and the Foundry Company of which it complains because the Foundry Company or Smith did not commit the excepted acts stated in the matter quoted.

We consider that the above sufficiently covers the instant case. With the finding of good faith on the part of defendant Smith as a director the whole case falls as the Foundry Company committed no wrong merely by accepting or receiving advantage from the acts of Smith which were not wrongful. The defendant's brief cites many cases more or less directly supporting the conduct of defendant Smith while a director of the plaintiff. Of these *Barr v. Pittsburgh Plate Glass Co.* (C. C.) 51 Fed. 33, (C. C. A. 3d Cir.), 57 Fed. 86; *New York Automobile Co. v. Franklin,* 49 Misc. 8, 97 N. Y. Supp. 781; *Detroit Testing Laboratory v. Robison,* 221 Mich. 442, 191 N. W. 218, 220; *Gear Grinding Mach. Co. v. Stuber,* 282 Mich. 455, 276 N. W. 514; *American Stoker Co. v. Underfeed Stoker Co.* (C. C.) 182 Fed. 642, are most closely in point and support the view above taken.

*By the Court.*—The judgment of the circuit court is affirmed.